

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00433-CR

DANIEL FLOREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,898, Honorable Cornell Curtis, Presiding

July 12, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In January 2023, Appellant, Daniel Florez, pleaded guilty to the offense of arson, a second-degree felony,[1] pursuant to a plea agreement. The trial court sentenced him to eight years of deferred adjudication community supervision with conditions and assessed a fine of $4,000. On March 8, 2023, the State filed its *First Amended Motion to Proceed With an Adjudication of Guilt,* alleging that Appellant had violated four conditions of his

---

[1] *See* TEX. PENAL CODE ANN. § 28.02(a), (d).

community supervision. At a hearing on the State's Motion, Appellant pleaded "true" to violating conditions three and twenty-nine[2] of his community supervision by assaulting his spouse and having contact with his spouse. He pleaded "not true" to the State's remaining allegations. After hearing testimony, the trial court found that Appellant had violated the terms of his community supervision, adjudicated him guilty of arson. Appellant was sentenced to sixteen years of confinement and a $5,000 fine. In this appeal, counsel has filed an *Anders* brief in support of a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the judgment and grant counsel's motion to withdraw.

In support of her motion, counsel has certified that she has conducted a conscientious examination of the record, and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of her motion to withdraw, provided him with a copy of counsel's *Anders* brief and the appellate record, and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se

---

[2] Condition three required that Appellant "[c]ommit no offense against the laws of this State or any other state or the United States." Condition twenty-nine required that Appellant "have no contact" with his spouse.

response to counsel's *Anders* brief. Appellant did not file a response. The State has not filed a brief.

In her *Anders* brief, counsel discusses possible areas in the record where error may have occurred, but concludes that any appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Counsel's motion to withdraw is granted[3] and the trial court's judgment is affirmed. *See* Tex. R. App. P. 43.2(a).

Lawrence M. Doss
Justice

Do not publish.

---

[3] Counsel, shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.